UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                **20-CR-79-RJA**

WALTER STEWART,                                   **SENTENCING MEMORANDUM**

                Defendant.
_____

## INTRODUCTION

Walter Stewart is a 30-year-old Buffalo native scheduled for sentencing after having plead guilty to being a felon in possession of a firearm and ammunition. The written plea agreement was entered pursuant to Fed.R.Crim.P. 11(c)(1)(C) with an agreed upon sentencing guidelines range of 57 to 71 months. The calculations contained in the Presentence Investigation Report prepared in anticipation of sentencing mirror the calculations in the written plea agreement. Both provide for a total offense level of 23, a criminal history category of III, and a final sentencing guidelines range of 57 to 71 months. This memorandum is submitted to request a sentence consistent with the terms of the agreement.

## PROCEDURAL HISTORY

Walter Stewart appeared before this Court on May 25, 2022, accepted responsibility for his conduct and plead guilty to Count 2 of the Indictment, which charges a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm and ammunition). The written plea agreement holds Mr. Stewart fully accountable for all relevant conduct related to his offense. His plea was entered pursuant to a written plea agreement which provided for a total

offense level of 23, which at a criminal history category of III, resulted in an agreed upon sentencing guidelines range of 57 to 71 months.

## ADVISORY GUIDELINES

A Presentence Investigation Report ("PSR") was prepared in anticipation of sentencing on July 18, 2022. The Calculations in the PSR mirror those in the written plea agreement.

## SENTENCING FACTORS

While the United States Sentencing Guidelines are simply advisory, see *United States v. Booker*, 543 U.S. 220 (2005), the Court must still properly calculate and consider the advisory Guidelines range, may not presume this advisory range is reasonable and need only give this range fair consideration before imposing a sentence. *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). Indeed, the advisory Guidelines range now serves as an initial benchmark for sentencing, which is ultimately considered along with other 18 U.S.C. § 3553(a) factors. *See Rita v. United States*, 551 U.S. 338 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38 (2007). The section 3553(a) factors include: the characteristics of the offender and offense; the need for the sentence imposed; the legally available sentences; applicable policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparity; and the need to provide restitution, where applicable. Section 3553(a) mandates that any sentence imposed be sufficient, but not greater than necessary to meet the basic goals of sentencing including retribution, deterrence, incapacitation, and rehabilitation.

In *Gall*, the Supreme Court made clear that sentencing courts have great discretion in formulating appropriate sentences. *Gall*, 552 U.S. at 51 (recognizing that the sentencing judge is

in the "superior position" to impose a sentence based on the unique facts and circumstances of the case). "[I]n the end, [the Court] must make an 'individualized assessment' of the sentence warranted by § 3553(a) 'based on the facts presented.'" *Jones*, 531 F.3d at 170 (quoting *Gall*, 552 U.S. at 50). In determining an appropriate sentence, 18 U.S.C. § 3553 mandates the Court to impose a sentence that is "sufficient, but not greater than necessary." Therefore, if the district court concludes that either of two sentences would properly serve the statutory purposes of § 3553(a), the lesser sentence must be imposed. *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).

The parties have stipulated that the Court at the time of sentence impose a sentence of imprisonment of 57 to 71 months. A review of the applicable sentencing factors demonstrates a sentence consistent with the anticipated guidelines range is appropriate.

## HISTORY AND CHARACTERISTICS

Walter Stewart is a 30-year-old man who was born and raised primarily in Buffalo, New York. His parents, Walter Sr. and Lucinda continue to reside in Buffalo. Walter recalls being raised by both his parents until his mother moved the children to North Carolina when he was about 6 years old. They moved back to Buffalo when he was approximately 12 years old. He was placed in foster care both in North Carolina and in Buffalo.

Walter has two children both of whom reside in Buffalo, and with whom he had contact up until his incarceration.

Although Walter's employment history has been sporadic, he has earned his GED and hopes to learn a trade in the future. He has admitted to his involvement in the possession of the firearm. While not an excuse for his offense conduct, he explains that he committed he offense

at a time when he was not working and was surrounding himself with the wrong people. He has a goal to learn a trade, focus on work and be a productive citizen in his community. While Walter has earned his GED, he would benefit from additional vocational training so that he can accomplish his goals.

In his letter to the Court, annexed hereto as Exhibit A, Walter recognizes and apologizes for the poor choices he has made. "The life that I was living is not the life that I want [to] keep living." He describes his goal to learn a trade, open his own pest control company and to be there to raise his sons.

## **CONCLUSION**

Based on all these factors, the defense requests a sentence consistent with the terms of the plea agreement.

**DATED**:   Buffalo, New York, September 9, 2022

Respectfully submitted,

**/s/  MaryBeth Covert**
MaryBeth Covert
Senior Litigator
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
marybeth_covert@fd.org
Counsel for Defendant Walter Stewart

**TO:**   Seth T. Molisani
Assistant United States Attorney

Matthew G. Zenger
United States Probation Officer