```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA,       )
                                ) Case No. 1:20-CR-00079-3
                                )           (RJA)(JJM)
                Plaintiff,      )
                                )
vs.                             ) September 15th, 2022
                                ) 12:44 p.m.
WALTER B. STEWART,              )
                                )
                Defendant.      )


                     TRANSCRIPT OF SENTENCING
              BEFORE THE HONORABLE RICHARD J. ARCARA
                 SENIOR UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | TRINI E. ROSS, ESQ.<br>UNITED STATES ATTORNEY<br>BY:  SETH MOLISANI, ESQ.<br>ASSISTANT UNITED STATES ATTORNEY<br>138 Delaware Avenue<br>Buffalo, NY 14202 |
| For the Defendant: | FEDERAL PUBLIC DEFENDER'S OFFICE<br>BY:  MARY BETH COVERT, ESQ.<br>ASSISTANT FEDERAL PUBLIC DEFENDER<br>300 Pearl Street, Suite 450<br>Buffalo, NY 14202 |
| Probation Officer: | MATTHEW ZENGER |
| Court Reporter: | MEGAN E. PELKA, RPR<br>Robert H. Jackson US Courthouse<br>2 Niagara Square<br>Buffalo, NY 14202<br>(716) 229-0880 |

12:44PM  1      THE CLERK:  Case 20-CR-79.  United States v. Walter
12:44PM  2  Stewart.  Sentencing.  Counsel, please state your name and the
12:44PM  3  party you represent for the record.
12:44PM  4      MR. MOLISANI:  Good afternoon, Your Honor.  Seth
12:44PM  5  Molisani appearing on behalf of the United States.
12:44PM  6      MR. COMERFORD:  Good afternoon, Your Honor.  Mary
12:44PM  7  Beth Covert for Walter Stewart and he's present in court
12:44PM  8  beside me.
12:44PM  9      THE COURT:  Are we ready?
12:44PM 10      MS. COVERT:  Yes, Your Honor.
12:44PM 11      MR. MOLISANI:  Yes, Your Honor.
12:44PM 12      THE COURT:  The defendant is before the Court for
12:44PM 13  sentencing on his previous plea of guilty to one count of
12:44PM 14  felon in possession of a firearm and ammunition, in violation
12:44PM 15  of Title 18, United States Code, Sections 922(g)(1), and
12:44PM 16  924(a)(2), and Section 2.
12:44PM 17    I know, Ms. Covert, you've had a chance to review the
12:44PM 18  report.  I assume you reviewed it with your client?
12:44PM 19      MS. COVERT:  Yes, Your Honor.  I have.
12:45PM 20      THE COURT:  Okay.  The Court hereby accepts the terms
12:45PM 21  and conditions of the plea agreement pursuant to Federal Rules
12:45PM 22  of Criminal Procedure 11(c)(1)(C) on a plea of guilty to a
12:45PM 23  felon in possession of a firearm and ammunition.  I will place
12:45PM 24  the presentence investigation report in the record under seal.
12:45PM 25  If an appeal is filed, counsel on appeal will be permitted

```
12:45PM   1   access to the sealed report, except that counsel on appeal
12:45PM   2   will not be permitted access to the recommendation section.
12:45PM   3        The parties have filed the appropriate statement of
12:45PM   4   parties with respect to sentencing factors.  There's no
12:45PM   5   dispute about the facts in the report and, therefor, the Court
12:45PM   6   adopts these facts as its findings of fact and hereby
12:45PM   7   incorporates them into the record.  There are no objections to
12:45PM   8   the probation officer's conclusions as to the applicable
12:45PM   9   guidelines.
12:45PM  10        The report recommends that the defendant's base offense
12:45PM  11   level under Guideline Section 2K2.1(a)(iv)(A) is 20.  Report
12:45PM  12   also recommends a two-level upward adjustment pursuant to
12:46PM  13   Guideline Section 2K2.1(b)(1)(A), as the firearm recovered in
12:46PM  14   the instant offense was stolen.  The report also recommends a
12:46PM  15   four-level upward adjustment pursuant to Guideline Section
12:46PM  16   2K2.1(b)(6)(B), as the firearm and ammunition were used or in
12:46PM  17   possession or in connection with another felony offense.
12:46PM  18        The report also recommends a three-level downward
12:46PM  19   adjustment based upon the acceptance of responsibility, and
12:46PM  20   accordingly recommends the offense level should be properly
12:46PM  21   calculated at level 23 with -- the Criminal History Category
12:46PM  22   should be properly calculated as Category III as a result of
12:46PM  23   defendant's prior record.
12:46PM  24        Under this calculation, the advisory guideline range for
12:46PM  25   imprisonment is 57 to 71 months.  The statutory maximum term
```

| | | |
|---|---|---|
| 12:46PM | 1 | of imprisonment is 10 years.  The advisory range for a fine is |
| 12:47PM | 2 | from 20,000 to $200,000 plus the cost of imprisonment and |
| 12:47PM | 3 | supervised release or community confinement or home |
| 12:47PM | 4 | confinement and probation.  In accordance with the Supreme |
| 12:47PM | 5 | Court decision in *U.S. v. Booker,* and the Second Circuit |
| 12:47PM | 6 | decision in *U.S. v. Crosby*, this Court must consider the |
| 12:47PM | 7 | guidelines, is not bound by them.  The Court must also |
| 12:47PM | 8 | consider the factors in 18 USC 3553(a). |
| 12:47PM | 9 | I have received a sentencing memorandum as well as a |
| 12:47PM | 10 | letter written to the Court by the defendant.  And, I think, |
| 12:47PM | 11 | with that, I think we will hear from counsel for Mr. Stewart. |
| 12:47PM | 12 | Ms. Covert? |
| 12:47PM | 13 | MS. COVERT:  Thank you, Judge.  The parties had |
| 12:47PM | 14 | agreed that a sentence within the range was appropriate.  And, |
| 12:47PM | 15 | Judge, I probably would just add that even a sentence at the |
| 12:47PM | 16 | low end of the guideline range in that 57, somewhere around |
| 12:48PM | 17 | 60-month, range would be the longest period of incarceration |
| 12:48PM | 18 | that he's served in any case; five times the lowest -- five |
| 12:48PM | 19 | times longer than any period of incarceration he's had thus |
| 12:48PM | 20 | far.  He had one stint of incarceration of 12 months, another |
| 12:48PM | 21 | one of 9 months.  He's been in custody already for over two |
| 12:48PM | 22 | years, and I can tell you that it's had an effect on him. |
| 12:48PM | 23 | He recognizes, Judge, I think he told probation and he |
| 12:48PM | 24 | certainly tells the Court, that he's recognizing the |
| 12:48PM | 25 | seriousness of the conduct, the time away from his family, |

12:48PM 1 doesn't want to do this again, and he expressed an interest of
12:48PM 2 finding and getting some vocational training while he's
12:48PM 3 incarcerated so that he can get adequate employment when he's
12:48PM 4 out and provide for his family and his sons.  He did have
12:48PM 5 contact with his sons, Judge, before he was incarcerated
12:49PM 6 regularly.
12:49PM 7     And, obviously, since incarceration, and with the COVID
12:49PM 8 pandemic, he hasn't been able to have the in-person contact
12:49PM 9 that he had before.  And I think he recognizes that this the
12:49PM 10 end of the road.  He needs to do something different with his
12:49PM 11 life and stay away from the influences that have made him make
12:49PM 12 some bad choices in the past.
12:49PM 13     In addition, Judge, I think he does have a bit of a drug
12:49PM 14 and alcohol history with -- mostly with marijuana.  He has
12:49PM 15 expressed an interest, even though he knows he wouldn't get a
12:49PM 16 reduction in his sentence, if the Court could recommend the
12:49PM 17 Residential Drug Treatment Program for him.  I think that that
12:49PM 18 would be a good step, in addition to vocational training.  And
12:49PM 19 just, lastly, Judge, would be that you recommend a facility as
12:49PM 20 close to Western New York as possible so his father and his
12:49PM 21 kids can visit him.
12:49PM 22         THE COURT:  All right.  Mr. Stewart?
12:49PM 23         THE DEFENDANT:  Yes, Your Honor.  I know that I made
12:50PM 24 bad choices, and I'm really sorry about the choices that I
12:50PM 25 have made.  And I know that this is not the lifestyle that I

12:50PM 1  want to live.  I know that I want to be home with my sons.  I
12:50PM 2  know that this is not what I want to do.  I want to go home.
12:50PM 3  I want to start my own pest control company, and I just want
12:50PM 4  to be there for my sons, and I take full responsibility for my
12:50PM 5  actions and the decisions that I made.  I'm very sorry.
12:50PM 6             THE COURT:  You don't like jail, do you?
12:50PM 7             THE DEFENDANT:  No, I do not, sir.
12:50PM 8             THE COURT:  It's not a nice place to be, is it?
12:50PM 9             THE DEFENDANT:  No, it's not.
12:50PM 10            THE COURT:  And I think once you get a dose of it,
12:50PM 11 it's, you know -- you're in that cell, and the people are
12:50PM 12 telling you what to do, when to get up, where to go, what to
12:50PM 13 eat.  You lose your freedom of choice.  You can't do what you
12:51PM 14 want to do.  It's a terrible place to be.  You're with
12:51PM 15 people -- a lot of people you probably don't even like.
12:51PM 16    And when you get involved in drug activity, Mr. Stewart,
12:51PM 17 you're going to get caught.  It's not a question of if you're
12:51PM 18 going to get caught.  There's thousands and thousands of men
12:51PM 19 and women out there that's all they do.  They want to catch
12:51PM 20 you.  And they -- eventually, they do.  You do not see very
12:51PM 21 many people -- I'm not aware of anybody who has been involved
12:51PM 22 in drug activity, of course I don't know if I know who they
12:51PM 23 are, but have done it all their life.  There's just no future
12:51PM 24 in it.  And you got so many things to live for.  How old are
12:51PM 25 you now?

```
12:51PM   1              THE DEFENDANT:  I just turned 31, Your Honor.
12:51PM   2              THE COURT:  Thirty-one years old.  You're a young
12:51PM   3   man.  And there's so much more you can accomplish.  Take the
12:51PM   4   talents that you have and use it in a positive way to make
12:51PM   5   your family proud of you, to enjoy them.  Like, you know, it's
12:51PM   6   not easy being in jail on Thanksgiving or Christmas or the
12:52PM   7   holidays.  And you're sitting there probably, and I understand
12:52PM   8   it, feeling sorry for yourself.  Why wouldn't you?  You're
12:52PM   9   sitting there and you can't do what you want.  Your family's
12:52PM  10   doing stuff.  You can't do anything.  Your friends are doing
12:52PM  11   things.
12:52PM  12         And I just hate to see a young man waste his life.  And I
12:52PM  13   see it a lot.  And I just wish -- use your skills to do
12:52PM  14   something positive in life.  You certainly get more pleasure
12:52PM  15   out of that, believe it or not.  Getting involved in drug
12:52PM  16   activity, it's just not worth it.  It's just not worth it.
12:52PM  17         You know, when I first became a Judge, I think there was,
12:52PM  18   like, 35,000 federal -- federal, not state, federal --
12:52PM  19   individuals in prison.  And I would estimate that a vast
12:52PM  20   majority of them are for -- involved in drug activity.  Today,
12:52PM  21   it's like a quarter of a million.  I mean, that's a lot in 30
12:53PM  22   years to go from 35,000 to 250,000.  These are approximate
12:53PM  23   numbers.
12:53PM  24         Do you understand what I'm saying?  I'm not trying to
12:53PM  25   lecture to you.  I don't want to give you a sermon.  I just
```

12:53PM  1   want to see you turn your life around, and I hope you will.
12:53PM  2   It sounds like you really want to.  And that's a very positive
12:53PM  3   step towards that.  Anything from the government?
12:53PM  4              MR. MOLISANI:  Your Honor, just consistent with the
12:53PM  5   various reasons that were set forth in the joint statement of
12:53PM  6   reasons that was filed by the parties under Docket 155, the
12:53PM  7   government is recommending a sentence consistent with the plea
12:53PM  8   agreement and recommending that the Court impose a sentence of
12:53PM  9   57 to 71 months consistent with the guidelines.
12:53PM  10             THE COURT:  Well, I carefully reviewed everything
12:53PM  11  that's been submitted to the Court and heard from counsel, as
12:53PM  12  well as the government.
12:53PM  13     Pursuant to the Sentencing Reform Act of 1984, it's the
12:53PM  14  judgment of the Court that the defendant, Walter Stewart, is
12:54PM  15  hereby comitted to the custody of Bureau of Prisons for a
12:54PM  16  period of 58 months.  Cost of incarceration fee is waived.
12:54PM  17     Upon release, he shall be placed on supervised release for
12:54PM  18  a period of two years; shall report in person to the probation
12:54PM  19  office in the district in which he is released within 72
12:54PM  20  hours; shall comply with the standard conditions of supervised
12:54PM  21  release adopted by the Court; shall not commit federal, state,
12:54PM  22  or local crime; shall be prohibited from possessing a firearm,
12:54PM  23  ammunition, and other dangerous device and shall not possess a
12:54PM  24  controlled substance.  He shall cooperate in the collection of
12:54PM  25  a DNA sample as required by the Justice For All Act of 2004.

| | | |
|---|---|---|
| 12:54PM | 1 | Drug testing is required.  He shall participate in a |
| 12:54PM | 2 | program for substance abuse including substance abuse testing |
| 12:54PM | 3 | such as urinalysis and other testing and shall undergo drug |
| 12:54PM | 4 | and alcohol evaluation and treatment.  If substance abuse is |
| 12:54PM | 5 | indicated by testing, the probation officer will supervise the |
| 12:55PM | 6 | details of any testing and treatment including the selection |
| 12:55PM | 7 | of a treatment provider and schedule. |
| 12:55PM | 8 | If inpatient treatment is recommended, however, it must be |
| 12:55PM | 9 | approved by the Court unless the defendant consents.  He is |
| 12:55PM | 10 | not to leave treatment until completion or is ordered by the |
| 12:55PM | 11 | Court.  While in treatment and after discharge from treatment, |
| 12:55PM | 12 | he is to abstain from the use of alcohol, be required to |
| 12:55PM | 13 | contribute to the cost of services rendered. |
| 12:55PM | 14 | He shall complete a domestic violence offender education |
| 12:55PM | 15 | accountability program that should be supervised by the U.S. |
| 12:55PM | 16 | Probation Office, including the selection of a provider and |
| 12:55PM | 17 | schedule; shall comply with all orders of protection; shall |
| 12:55PM | 18 | comply with the probation orders -- defendant shall notify the |
| 12:55PM | 19 | probation office of all orders of protection. |
| 12:55PM | 20 | He shall submit to a search of his person, property, |
| 12:56PM | 21 | vehicle, place of residence, or any other property under his |
| 12:56PM | 22 | control, and permit the confiscation of any evidence or |
| 12:56PM | 23 | contraband discovered.  He shall forfeit his interest in the |
| 12:56PM | 24 | property specifically set forth in Section 8 of the plea |
| 12:56PM | 25 | agreement and incorporated herein.  The Court finds he does |

| | | |
|---|---|---|
| 12:56PM | 1 | not have the ability to pay a fine, will not impose a fine; |
| 12:56PM | 2 | however, I will order the mandatory special assessment of $100 |
| 12:56PM | 3 | which is due immediately.  Payment shall begin under the |
| 12:56PM | 4 | Bureau of Prisons Inmate Financial Responsibility Program.  I |
| 12:56PM | 5 | will recommend that he be housed as close to Western New York |
| 12:56PM | 6 | so he could be visited by his family.  Also, I will recommend |
| 12:56PM | 7 | the 500-hour drug treatment program. |
| 12:56PM | 8 | MS. COVERT:  Thank you. |
| 12:56PM | 9 | THE COURT:  In determining the sentence, the Court |
| 12:56PM | 10 | had considered the advisory range and the points raised by |
| 12:56PM | 11 | counsel, the defendant, and the government as to what the |
| 12:56PM | 12 | appropriate sentence should be.  In addition, the Court has |
| 12:56PM | 13 | considered the factors in 18 USC 3553(a), and finds the |
| 12:57PM | 14 | sentence imposed is sufficient but not greater than necessary |
| 12:57PM | 15 | to comply with the purpose of sentencing set forth in 18 USC |
| 12:57PM | 16 | 3553(a). |
| 12:57PM | 17 | I have imposed a sentence within the applicable guideline |
| 12:57PM | 18 | range and consistent with the Court's acceptance of the plea |
| 12:57PM | 19 | under Rule 11(c)(1)(C).  The parties are well aware of the |
| 12:57PM | 20 | procedural history and the intended facts in this case.  I |
| 12:57PM | 21 | note that you're a young man.  You have two children residing |
| 12:57PM | 22 | with their mother.  In your letter to the Court, you state, I |
| 12:57PM | 23 | know the life that I was leading is not the life that I wanted |
| 12:57PM | 24 | to keep living.  I assume by that that he's sincere and he |
| 12:57PM | 25 | wants to turn his life around.  And I thought I'd give him an |

| | | |
|---|---|---|
| 12:57PM | 1 | opportunity to do that, which is consistent with the guideline |
| 12:57PM | 2 | sentence I gave him at the low end of the guideline range, and |
| 12:58PM | 3 | I think that's consistent with the terms of the plea |
| 12:58PM | 4 | agreement.  Also, I believe you will need a term of |
| 12:58PM | 5 | supervision after your release. |
| 12:58PM | 6 | You have a right to appeal the sentence if you feel the |
| 12:58PM | 7 | Court misapprehended its authority or it imposed an illegal |
| 12:58PM | 8 | sentence; however, you did waive that right to appeal.  If you |
| 12:58PM | 9 | feel that is not valid waiver, you may take that issue up |
| 12:58PM | 10 | before the Second Circuit Court of Appeals. |
| 12:58PM | 11 | I believe Count 5 of the superseding indictment is |
| 12:58PM | 12 | pending.  Is the government going to move to -- |
| 12:58PM | 13 | MR. MOLISANI:  Correct, Your Honor.  In light of the |
| 12:58PM | 14 | Court's sentence here, the government is moving to dismiss |
| 12:58PM | 15 | Count 5 of the superseding indictment as against this |
| 12:58PM | 16 | defendant. |
| 12:58PM | 17 | THE COURT:  Good luck to you, Mr. Stewart. |
| 12:58PM | 18 | MS. COVERT:  Your Honor, could I just ask you to |
| 12:58PM | 19 | repeat the length -- the term of -- |
| 12:58PM | 20 | THE COURT:  I'm sorry? |
| 12:58PM | 21 | MS. COVERT:  Could I just ask you to repeat again the |
| 12:58PM | 22 | term of incarceration? |
| 12:58PM | 23 | THE COURT:  The terms of incarceration? |
| 12:58PM | 24 | MS. COVERT:  Yes.  The length of months.  Could you |
| 12:59PM | 25 | repeat the number of months? |

```
12:59PM   1              THE COURT:  Yeah.  It was --
12:59PM   2              MR. MOLISANI:  I believe it was 58.
12:59PM   3              THE COURT:  It was one year -- one month above the
12:59PM   4    minimum.
12:59PM   5              MS. COVERT:  Thank you, Judge.
12:59PM   6              THE COURT:  The 58.  I just think -- I think setting
12:59PM   7    the minimum sentence --
12:59PM   8              MS. COVERT:  Fifty-seven.  That's correct.
12:59PM   9              THE COURT:  Yeah.
12:59PM  10              MS. COVERT:  I wrote it down wrong, and then when you
12:59PM  11    made that other statement --
12:59PM  12              THE COURT:  Happens to me all the time, Ms. Covert.
12:59PM  13    That's what happens when you get a little bit older.
12:59PM  14              MS. COVERT:  Right behind you, Judge.
12:59PM  15              THE COURT:  Court will be in recess.
12:59PM  16              THE CLERK:  All rise
12:59PM  17    (Proceedings concluded at 12:57 p.m.)
         18
         19
         20
         21
         22
         23
         24
         25
```

1           *    *    *    *    *    *    *

2

3           I certify that the foregoing is a

4       correct transcription of the proceedings

5       recorded by me in this matter.

6

7

8

9                           s/ Megan E. Pelka, RPR

10                          Official Court Reporter