UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                                 **DECISION AND ORDER**
        v.                                                   20-CR-79-A
                                                                      24-CR-148-A

WALTER STEWART,

                          Defendant.

_____

On September 15, 2022, this Court sentenced Defendant Walter Stewart in 20-CR-79, to 58 months in custody to be followed by 2 years of supervised release, after his guilty plea to violating 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (felon in possession of a firearm and ammunition).  Before Defendant completed his term of imprisonment for the sentence imposed in 20-CR-79, Defendant was transferred to a halfway house and remained in Bureau of Prisons ("BOP") custody.  While in BOP custody at the halfway house, Defendant violated 18 U.S.C. § 751(a) (escape from custody), and additional federal charges were brought against him in 24-CR-148.  On March 18, 2025, this Court sentenced Defendant in 24-CR-148, to 8 months in custody to be followed by 2 years of supervised release, after his guilty plea to violating 18 U.S.C. § 751(a).  At the time Defendant was sentenced in 24-CR-148, he had not served any portion of the term of supervised release imposed in 20-CR-79.

Defendant's supervision in both 20-CR-79 and 24-CR-148 commenced on July 29, 2025, and a Petition for Offender Under Supervision was returned to this Court on December 11, 2025.

This case was referred (Dkt. No. 201 in case 20-CR-79 and Dkt. No. 31 in case 24-CR-148) to Magistrate Judge Jeremiah J. McCarthy to take Defendant Walter Stewart's plea of guilty, to conduct an allocution with Defendant, and to make a recommendation to this Court whether the plea of guilty should be accepted. On February 2, 2026, Defendant appeared before Magistrate Judge McCarthy and entered a plea of guilty to Charge No. 3 in the Petition for Offender Under Supervision.

Magistrate Judge McCarthy issued a Report and Recommendation in both cases ("R&Rs") (Dkt. No. 204 in case 20-CR-79 and Dkt. No. 34 in case 24-CR-148), confirming his oral findings that Defendant's plea of guilty was knowing, voluntary, and supported by a factual basis. No timely objections to the R&Rs have been filed. It is hereby

**ORDERED** that, upon review of the Petition for Offender Under Supervision, the plea agreement (Dkt. No. 202 in case 20-CR-79 and Dkt. No. 32 in case 24-CR-148), the plea transcript (Dkt. No. 205 in case 20-CR-79 and Dkt. No. 35 in case 24-CR-148), and the R&Rs, the Court finds, in accordance with the requirements set forth in *United States v. Pelensky*, 129 F.3d 63 (2d Cir. 1997), that Defendant knowingly and voluntarily admitted the alleged conduct constituting the violation, and waived his rights under Rule 32.1 of the Federal Rules of Criminal Procedure. The Magistrate Judge informed Defendant of the rights he was waiving under Rule 32.1(b)(2) should the Court accept his plea of guilty, including his right to a revocation hearing, and Defendant waived those rights and voluntarily admitted conduct establishing the violation. The Magistrate Judge determined that Defendant understood the foregoing.

Accordingly, Defendant's plea of guilty to Charge No. 3 of the Petition for Offender Under Supervision in 20-CR-79 and 24-CR-148 is accepted based upon the oral findings of the Magistrate Judge as confirmed in the R&Rs.[1]

**Sentencing on Violation of Supervised Release is scheduled for March 18, 2026, at 11:00 a.m. in Judge Arcara's Courtroom.**  Probation's final report is due by March 11, 2026.

    **IT IS SO ORDERED.**

          ___s/Richard J. Arcara_____
          HONORABLE RICHARD J. ARCARA
          UNITED STATES DISTRICT COURT

Dated:  February 19, 2026
        Buffalo, New York

---

[1] In its referral orders, the Court inadvertently directed the Magistrate Judge to "conduct an allocution, pursuant to Rule 11 of the Federal Rules of Criminal Procedure."  Rule 11, however, is not applicable in this context.  "When a defendant wishes to admit that he has violated the terms of his supervised release, the District Court need not engage in 'a formal, on-the-record colloquy' of the type required by Federal Rule of Criminal Procedure 11 in connection with guilty pleas…But the defendant's admission of the alleged conduct and his waiver of the rights afforded by Federal Rule of Criminal Procedure 32.1 must be knowing and voluntary."  *United States v. Samuel*, 15-1456-cr, 653 F. App'x 37, 38 (2d Cir. June 24, 2016) (summary order) (quoting and citing *United States v. Pelensky*, 129 F.3d 63, 67 and 68 n.9 (2d Cir. 1997)).